<span style="color:red">**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000736**
**24-MAR-2022**
**07:47 AM**
**Dkt. 74 SO**</span>

NO. CAAP-18-0000736

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK,
AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT,
INC., ALTERNATIVE LOAN TRUST 2006-5T2 MORTGAGE PASSTHROUGH
CERTIFICATES 2006-5T2, Plaintiff-Appellee, v.
NATHAN EARL AIWOHI; LEAH LEIKO AIWOHI, Defendants-Appellants,
and GATHER FEDERAL CREDIT UNION; AOAO OF ARRUDA ESTATES I;
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND
DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 13-1-0082)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Nakasone and McCullen, JJ.)

Defendants-Appellants Nathan Earl Aiwohi and Leah Leiko
Aiwohi (the **Aiwohis**) appeal from the Judgment entered on
September 20, 2018 (**Foreclosure Judgment**), by the Circuit Court
of the Fifth Circuit (**Circuit Court**),[1] in favor of Plaintiff-
Appellee The Bank of New York Mellon fka the Bank of New York, as
Trustee for the Certificateholders of the CWALT, Inc.,
Alternative Loan Trust 2006-5T2 Mortgage Pass-Through

---

[1]     The Honorable Kathleen N.A. Watanabe presided.

Certificates, Series 2006-5T2 (**Bank of New York**).  The Aiwohis also challenge the Circuit Court's September 20, 2018 Findings of Fact, Conclusions of Law and Order Granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**).

The Aiwohis raise a single point of error on appeal, contending that the Circuit Court erred in granting Plaintiff's Motion for Summary Judgment Against All Defendants and for Interlocutory Decree of Foreclosure filed on June 25, 2018 (**Motion for Summary Judgment**), because the court erroneously relied upon the hearsay testimony of Bank of New York's declaring witnesses, which it admitted under the business records exception to the hearsay rule, even though Bank of New York produced no business records to corroborate its witnesses' self-serving hearsay testimony that Bank of New York was in possession of the original note evidencing the Aiwohis' debt (the **Note**) at the time the Complaint was filed, and even though no evidence was produced demonstrating that the Note had been indorsed prior to that date.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Aiwohis' point of error as follows:

The Aiwohis argue that Keli Smith's (**Smith's**) declaration testimony, based upon her alleged review of business records, did not establish the requisite element of personal knowledge with respect to the business records at issue.  Smith's declaration provided, *inter alia*, that she was a document

coordinator employed by Bank of New York's loan servicer, Bayview Loan Servicing, LLC (**Bayview**).

Bank of New York attached a copy, not an original, of the Note to its Motion for Summary Judgment. Therefore, the duplicate Note must be authenticated with extrinsic evidence. See Hawaii Rules of Evidence (**HRE**) Rule 901(b)(1); U.S. Bank Trust, N.A. v. Verhagen, 149 Hawaiʻi 315, 323-25, 489 P.3d 419, 427-29 (2021). To authenticate a copy of a promissory note, "[t]estimony of a witness with personal knowledge of a document may establish the foundation necessary for its admission." Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429. Smith declared under penalty of perjury, *inter alia*, that she reviewed the "records and files in Bayview's possession regarding this matter," and that a "true and correct copy of the Note . . . known to [her] to be a true and accurate copy of said promissory note" was attached to her Declaration. Smith's Declaration was sufficient to satisfy HRE Rule 901(b)(1).

We note that Smith did not need to have personal knowledge of the record-keeping systems of the loan servicers prior to Bayview. Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429. The Hawaiʻi Supreme Court in Verhagen, restating the holding in Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 414 P.3d 89 (2018), provided that "a person may be qualified to authenticate an incorporated record even if the person lacks familiarity with the records or record-keeping practices of the entity that actually created the record." Verhagen, 149 Hawaiʻi at 325, 489 P.3d at 429. The supreme court further stated:

3

> Incorporated records are admissible under HRE Rule 803(b)(6) when a custodian or qualified witness testifies that [1] the documents were incorporated and kept in the normal course of business, [2] that the incorporating business typically relies upon the accuracy of the contents of the documents, and [3] the circumstances otherwise indicate the trustworthiness of the document.

Id. at 325-26, 489 P.3d at 429-30. Therefore, "[i]f each of these three conditions is satisfied, an incorporated record is admissible even in the absence of testimony concerning its *actual* creation." Id. at 326, 489 P.3d at 430.

Smith's declaration provided that she had personal knowledge of Bayview's procedures for creating business records. Smith further testified that "Bayview took custody and control of loan documents and business records of the Prior Servicers and incorporated all such records into the business records of Bayview." Smith also testified that Bayview kept the records and files "in the ordinary course of business." Smith declared that "Bayview relies upon the accuracy of the Prior Servicers' records and those records are now a part of and used for all purposes in the conduct of Bayview's regularly conducted activity of keeping and maintaining its own business records." Thus, the first two Verhagen conditions establishing admissibility of incorporated records, including the Note, are met.

The last condition, providing testimony that establishes that the circumstances otherwise indicate trustworthiness of the document, is also met. Here, similar to the declaration testimony in Verhagen, Smith's declaration provided that before Bayview incorporated the prior loan servicers' records, Bayview "conducted a review of the Prior Servicers' records and found them in keeping with industry wide

4

loan servicing standards and found the Prior Servicers' records were made as a part of a regularly conducted activity, met industry standards and determined to be trustworthy."  Smith's declaration also provided that "Bayview did review and determine the Prior Servicers' business records were trustworthy otherwise it would not have incorporated it into its own records."  The record sufficiently establishes that the prior servicers' loans were vetted by Bayview prior to incorporating the records and files.  See Verhagen, 149 Hawaiʻi at 326, 489 P.3d at 430.  Therefore, we conclude that Bayview's incorporated records, including the Note, as authenticated by Smith's declaration, were admissible under HRE Rule 803(b)(6).

It is now well-established that "a foreclosing plaintiff must establish its standing to bring a lawsuit at the commencement of the proceeding, not merely at the summary judgment stage."  Verhagen, 149 Hawaiʻi at 327, 489 P.3d at 431 (citing Bank of Am., N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 369, 390 P.3d 1248, 1256 (2017)).  The Aiwohis argue that Bank of New York "offered no admissible evidence, either in its motion, or ever, that it possessed the note at the time it filed its complaint."

Bank of New York's attachments to its Motion for Summary Judgment included a blank-indorsed Note.  That Note does not reflect the date of the blank indorsement.  Smith's declaration does not indicate when the indorsement occurred.  Smith's declaration provides that "Prior Servicers' records indicate that [Bank of New York] had possession of the original

5

Note on 03/12/2013, the date of the filing of the complaint in this foreclosure." Here, Smiths' Declaration further provides, in part:

> 11. Bayview became [Bank of New York]'s loan servicer for the Loan being foreclosed in this action on 09/01/2017.
> . . . .
> 26. Prior Servicers' records indicate that Plaintiff had possession of the original Note on 03/12/2013, the date of the filing of the complaint in this foreclosure.

However, Smith's declaration does not provide sufficient evidence that Bank of New York possessed the Note on or before March 12, 2013, and Bank of New York fails to provide any additional evidence establishing that it, or its agent, had possession of the original Note at the time of filing the Complaint. In Verhagen, the supreme court explained that a witness's sworn testimony, based on knowledge of a loan servicer's records and record-keeping practices, provided as evidence that the foreclosing bank had possession of the Note at the time it filed the complaint "standing alone and uncorroborated by documentary evidence, would be insufficient to establish [that the foreclosing bank] possessed the Note when it filed the complaint." 149 Hawaiʻi at 327, 489 P.3d at 431. In Verhagen, there was additional evidence that a witness "personally verified" possession of the subject note prior to the date the complaint was filed and a letter from a bailee established that the loan servicer sent the note to the foreclosing bank prior to the date the complaint was filed. Id. Here, standing alone, Smith's declaration that the records "indicate" that Bank of New York had possession of the original

Note as of the date Bank of New York filed its Complaint is insufficient to establish standing.  In addition, there is no evidence regarding the date when the blank indorsement occurred or whether it was present on the Note on the date the Complaint was filed herein.  We conclude that Bank of New York did not provide sufficient evidence that it had possession of the original blank-indorsed Note at the time it filed its Complaint.

For these reasons, the Circuit Court's September 20, 2018 Judgment is vacated, and this case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawaiʻi, March 24, 2022.

On the briefs:

Frederick J. Arensmeyer,
for Defendants-Appellants.

Charles R. Prather,
Robin Miller,
Sun Young Park,
Peter T. Stone,
(TMLF Hawaii LLC),
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge